**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED
RICHARD W. NAGEL
CLERK OF COURT

2023 MAY 18  PM 1:08

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CASE NO.** _____ |
| | **JUDGE** _____ |
| v. | |
| **GURTEJ SINGH,** | **INDICTMENT** |
| | **18 U.S.C. § 371** |
| **Defendant.** | **18 U.S.C. § 659** |
| | **18 U.S.C. § 1001(a)(2)** |
| | |
| | **FORFEITURE** |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

At times relevant to the Indictment:

1.      **GURTEJ SINGH** worked in the interstate motor carrier industry, both as a manager for Cargo Solution Express, Inc. ("CSE") and as an owner of Bhullar Transport Group LLC, Roadhawk Transportation, and Show Time Carrier. These companies provided interstate cargo transportation for manufacturers and retailers, often through a subcontract with a logistics company managing the transportation.

2.      CSE, Bhullar Transport, Roadhawk Transportation, and Show Time Carrier were part of a much larger group of related motor carrier companies including Cargo Solution Ohio, Cargo Express Georgia LLC, CS Transportation, LLC, Kal Freight Inc., Eagle Eye Express, Inc., Best Carrier, Inc., Bal Carrier Inc., 3 Bros LLC, Sunshine Cargo Transportation, Inc., and Direct Haul Carrier LLC. At various times and in varying combinations, these companies shared common owners, managers, employees, drivers, and trucks.

3.      CSE maintained a warehouse with multiple truck docks at 4540 Fisher Road, Columbus, Ohio (the "Columbus Warehouse"). **GURTEJ SINGH** and others conducted operations of CSE and Bhullar Transport from the Columbus Warehouse.

## COUNT ONE
### Conspiracy to Commit Theft from Interstate Shipment

4.      Paragraphs 1 through 3 are re-alleged and incorporated here.

5.      From on or around April 10, 2018, through on or around August 27, 2019, in the Southern District of Ohio and elsewhere, Defendant **GURTEJ SINGH** and others, both known and unknown to the Grand Jury, knowingly and voluntarily agreed to commit an offense against the United States, that is, Theft from Interstate Shipment, in violation of 18 U.S.C. § 659.

### Manner and Means of the Conspiracy

6.      It was part of the conspiracy that **GURTEJ SINGH** and others directed CSE drivers who were transporting cargo to stop at the Columbus Warehouse. At the warehouse, at the direction of **GURTEJ SINGH**, CSE employees opened the trailers to gain access to the cargo. Because shippers frequently placed seals on loaded trailers, and receivers expected trailers to arrive with the seals intact, CSE employees who opened the trailers kept the seals intact by removing the entire trailer-locking mechanism, which sometimes required cutting and replacing bolts. CSE employees reinstalled the mechanism on the trailer before delivery, leaving the appearance that the sealed trailer had never been opened.

7.      It was part of the conspiracy that **GURTEJ SINGH** directed others to remove cargo from CSE shipments, sometimes to be consolidated onto other truckloads for shipment, and sometimes to be stored at the Columbus Warehouse.

8.      It was part of the conspiracy that **GURTEJ SINGH** and others took cargo from CSE shipments for their personal use, for the use of CSE, or to sell.

9.      It was part of the conspiracy that **GURTEJ SINGH** directed others to sell cargo from CSE shipments that was stored at the Columbus Warehouse.

10.      It was part of the conspiracy that, at the direction of **GURTEJ SINGH**, employees of CSE sold cargo from CSE shipments at pawn shops and to others.

2

***Overt Acts***

11.     In furtherance of the conspiracy, and to accomplish its object, one or more of the co-conspirators committed or caused to be committed, in the Southern District of Ohio and elsewhere, at least one of the following acts:

    a.   On or around April 10, 2018, a CSE employee ("Employee 1") sent an image via text message to another CSE employee ("Employee 2") of a trailer door handle that had been removed from a trailer with an intact seal still in place.

    b.   On or around May 29, 2018, at the direction of **GURTEJ SINGH**, CSE employees removed cargo from a CSE shipment at the Columbus Warehouse, including over 150 Shark Ion Robot RV750 vacuum cleaners.

    c.   On or around September 12, 2018, Employee 2 sent an image via text to **GURTEJ SINGH** and others of a piece of paper with "Lev's" written on it, followed by a street address ("3446 E. Main St"), phone number ("614-231-1688 (1)"), and the name "John." The address and phone number match a branch location for a Lev's Pawn Shop in the Columbus, Ohio area.

    d.   On or around October 1, 2018, at the direction of **GURTEJ SINGH**, CSE employees removed cargo from a CSE shipment at the Columbus Warehouse, including dozens of Samsung 32" curved computer monitors.

    e.   On or around October 25, 2018, Employee 2 sent several images via text message to an individual in California ("Person 1") of boxed consumer products that matched cargo later found missing from CSE shipments, including Samsung 32" curved computer monitors and a Shark Ion Robot vacuum cleaner. On or around November 26, 2018, Person 1 responded, "Pls let me know quantity and price for all items Customer interested."

3

f. On or around February 15, 2019, Employee 2 sent an image via text message to **GURTEJ SINGH** and others of two Samsung 32" curved computer monitors in use on a desk at the Columbus Warehouse.

g. On or around March 9, 2019, Employee 2 sold approximately ten Shark RV750 vacuums taken from a CSE shipment to a Lev's Pawn Shop location in Columbus, Ohio, for approximately $850.

h. On or around March 16, 2019, Employee 2 sold approximately 9 Samsung 32" curved computer monitors taken from a CSE shipment to a Lev's Pawn Shop location in Columbus, Ohio, for approximately $840.

i. On or around May 17, 2019, Employee 2 sent Person 1 via text the address for the Columbus Warehouse and the CSE email address of **GURTEJ SINGH**.

j. On or around May 20, 2019, Employee 2 sold approximately four Shark RV750 vacuums taken from a CSE shipment to a Lev's Pawn Shop location in Columbus, Ohio, for approximately $320.

All in violation of 18 U.S.C. § 371.

### COUNT TWO
**Theft from Interstate Shipment**

12. Paragraphs 1 through 3 are re-alleged and incorporated here.

13. On or about May 29, 2018, in the Southern District of Ohio, Defendant **GURTEJ SINGH**, with intent to convert to his own use, did knowingly embezzle, steal, unlawfully take and carry away, and by fraud or deception obtain, from any container, trailer, container freight station, warehouse, or freight consolidation facility, goods and chattels of a value in excess of $1,000, that is, at least 174 Shark Ion Robot vacuum cleaners valued at approximately $40,827, which were moving as, were a part of, and constituted an interstate shipment of freight and express from Jamaica, New York, to Groveport, Ohio, for delivery to Amazon.

4

In violation of 18 U.S.C. § 659.

## COUNT THREE
### Theft from Interstate Shipment

14.     Paragraphs 1 through 3 are re-alleged and incorporated here.

15.     On or about January 2, 2019, in the Southern District of Ohio, Defendant **GURTEJ SINGH**, with intent to convert to his own use, did knowingly embezzle, steal, unlawfully take and carry away, and by fraud or deception obtain, from any container, trailer, container freight station, warehouse, or freight consolidation facility, goods and chattels of a value in excess of $1,000, that is, approximately ten pallets of Bath and Body Works products valued at approximately $229,775, which were moving as, were a part of, and constituted an interstate shipment of freight and express from Santa Clarita, California, to Reynoldsburg, Ohio, for delivery to Bath and Body Works.

In violation of 18 U.S.C. § 659.

## COUNT FOUR
### Making a False Statement

16.     Paragraphs 1 through 3 are re-alleged and incorporated here.

17.     On or about January 11, 2019, in the Southern District of Ohio, Defendant **GURTEJ SINGH**, in a matter within the jurisdiction of the United States Department of Transportation, Federal Motor Carrier Safety Administration (FMCSA), an agency of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that he stated in an application for motor carrier authority, Form OP-1, that he did not then have and had not had, within the three years prior to the application, certain relationships with any other FMCSA-regulated entity, when in fact he then and there knew that he did have such relationships with CSE, Roadhawk Transportation, and Show Time Carrier, all FMCSA-regulated entities.

In violation of 18 U.S.C. § 1001(a)(2).

5

## FORFEITURE ALLEGATION

18.      The allegations contained in Counts One to Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

19.      Upon conviction of the offenses in violation of 18 U.S.C. §§ 371 or 659 set forth in Counts One to Three of this Indictment, Defendant **GURTEJ SINGH** shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

20.      Substitute Assets:  If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant **GURTEJ SINGH** up to the value of the forfeitable property.

Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL.

s/ Foreperson
FOREPERSON

KENNETH L. PARKER
United States Attorney

DAVID J. TWOMBLY
Assistant United States Attorney

BRENDA S. SHOEMAKER
Assistant United States Attorney