**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 2:23-cr-115** |
| **Plaintiff,** | |
| | **JUDGE MORRISON** |
| **v.** | |
| | **SUPERSEDING INFORMATION** |
| **GURTEJ SINGH,** | **18 U.S.C. § 371** |
| **Defendant.** | **FORFEITURE** |

**THE UNITED STATES ATTORNEY CHARGES:**

## INTRODUCTION

At times relevant to the Superseding Information:

1.     **GURTEJ SINGH** worked in the interstate motor carrier industry, both as a manager for Cargo Solution Express, Inc. ("CSE") and as an owner and manager of Bhullar Transport Group LLC, Roadhawk Transportation, and Show Time Carrier. These companies provided interstate cargo transportation for manufacturers and retailers ("Shippers"), generally through subcontracts with logistics companies that managed the transportation for the Shippers ("Brokers").

2.     CSE, Bhullar Transport, Roadhawk Transportation, and Show Time Carrier were part of a much larger group of related motor carrier companies including Cargo Solution Ohio, Cargo Express Georgia LLC, CS Transportation, LLC, Kal Freight Inc., Eagle Eye Express, Inc., Best Carrier, Inc., Bal Carrier Inc., 3 Bros LLC, Sunshine Cargo Transportation, Inc., and Direct Haul Carrier LLC. At various times and in varying combinations, these companies shared common owners, managers, employees, drivers, and trucks.

3.     CSE maintained a warehouse with multiple truck docks at 4540 Fisher Road,

Columbus, Ohio (the "Columbus Warehouse"). **GURTEJ SINGH** was the manager of the Columbus Warehouse, from which he and others conducted operations of CSE and Bhullar Transport.

## COUNT 1
### Conspiracy

4.     Paragraphs 1 through 3 are incorporated here.

5.     From in or around April 2018 through in or around May 2022, in the Southern District of Ohio and elsewhere, Defendant **GURTEJ SINGH** and others, both known and unknown to the U.S. Attorney, knowingly and voluntarily agreed to commit an offense against the United States, namely, wire fraud, in violation of 18 U.S.C. § 1343; that is, he and others agreed to transport cargo in sealed tractor trailers that were not to be opened until they reached their destination, even though they knew at the time they entered the agreements that they intended to open those trailers to consolidate the cargo with other shipments—thereby reducing costs—and to conceal that fact by surreptitiously keeping the seals intact, or breaking the original seal and then replacing it and modifying shipping documents to reflect the new seal numbers.

### Manner and Means of the Conspiracy

6.     It was part of the conspiracy that:

a.     **GURTEJ SINGH** and others caused CSE and Bhullar Transport to contract with Shippers and Brokers to transport cargo by tractor trailer. In many of these contracts, CSE and Bhullar Transport agreed to transport a full truck load ("FTL"), sometimes referred to as an exclusive load, which meant that the cargo in the trailer could not be consolidated with other loads and that the trailer should not be opened during transit. Shippers generally required that a numbered seal be placed on the trailer locking mechanism, which the

receivers of the shipment ("Receivers") could check to ensure that the trailer had remained unopened.

b.      At the time CSE and Bhullar Transport entered into such contracts, **GURTEJ SINGH** and others did not intend to honor the contracts. Instead, they intended to open the trailers to consolidate shipments, thereby reducing transportation costs and increasing profits for CSE and Bhullar Transport.

c.      To prevent the Shippers, Brokers, and Receivers from learning that CSE and Bhullar Transport were opening trailers and consolidating loads in violation of contract, **GURTEJ SINGH** and others working at his direction removed whole locking mechanisms to keep seals intact, or they broke seals and replaced them with new seals, then doctored shipping paperwork to reflect the new seal numbers. For example, employees of Bhullar Transport frequently covered original seal numbers or trailer numbers with correction fluid or a taped piece of paper, then wrote in a new seal number or trailer number. When such shipments reached their final destination, the presence of an intact seal matching the original paperwork gave the false appearance that the trailer had never been opened.

d.      **GURTEJ SINGH** and others caused CSE and Bhullar Transport to charge a premium for FTL or exclusive loads, making them more expensive than less-than-truckload ("LTL") loads, which were permitted to be consolidated by the carrier.

e.      **GURTEJ SINGH** and others used specialized software to track consolidated cargo so that it could be separated into multiple trailers near its final destination and delivered as though consolidation had never occurred.

f.      At times, as a result of the consolidation scheme, cargo remained at the Columbus Warehouse and was never delivered to its final destination, the Receivers. To conceal

3

the fact that CSE had opened trailer doors when it should not, **GURTEJ SINGH** and others did not notify Receivers that such cargo remained at the Columbus Warehouse. Such cargo included 11 pallets of Bath & Body Works products and various items from multiple Amazon shipments.

## Overt Acts

g.　　　In furtherance of the conspiracy and to accomplish its objects, a member or members of the conspiracy committed the following overt acts, among others, in the Southern District of Ohio:

i.　　　On or about December 28, 2018, CSE picked up a load brokered by Landstar, PO # 4900943426, which was to be delivered from Santa Clarita, California, to Reynoldsburg, Ohio. The final bill of lading shows that the shipment was received by the recipient, Bath and Body Works, with its original seal intact. The shipment was short ten pallets, which amounted to approximately $229,775 in Bath and Body Works products. Those ten pallets were recovered at the Columbus Warehouse on or about September 3, 2019.

ii.　　　On or about June 23, 2021, Bhullar Transport picked up a load brokered by MegaCorp Logistics, PO # 1131722, which was to be delivered from Pomona, California, to Fairmont, West Virginia. The carrier rate confirmation for this load stated, "*****DO NOT BREAK SEAL*****." Before reaching its final destination in West Virginia, the load was dropped for a time at the Columbus Warehouse. The final bill of lading has a handwritten notation, "seal intact EG352999." A copy of the bill of lading recovered from the offices of Bhullar Transport shows that the seal number on the bill of lading was altered

4

prior to final delivery. The original seal number is covered up by a taped-on piece of paper, which has seal number EG352999 written on it.

iii. On or about May 3, 2022, Bhullar Transport picked up a load brokered by Transfix, Shipment # 1008294, which was to be delivered from Chino, California, to West Jefferson, Ohio. The carrier rate confirmation for this load stated that it was "dedicated FTL" and required immediate notice to Transfix of "cargo incidents, including the need to break SEALS." After picking up the load, Bhullar Transport employees opened the trailer, separated the pallets into different trailers where they were commingled with other shipments, and shipped the pallets separately across country before reconsolidating the load for delivery. Bhullar Transport employees used company software to track this consolidation of loads. Some of the other shipments with which the Transfix shipment was commingled were also shipped pursuant to agreements that specified that the loads were not to be opened or commingled with other shipments.

iv. On or about February 21, 2022, Bhullar Transport picked up a load brokered by Transfix, Shipment # 960042, which was to be delivered from Vernon, California, to Taylor, Michigan. The carrier rate confirmation for this load stated that it was "dedicated FTL" and required immediate notice to Transfix of "cargo incidents, including

5

the need to break SEALS." An email from Transfix to Bhullar Transport regarding the shipment stated, "This shipment is FULL TRUCK LOAD and requires a 53' Van. Transfix is purchasing the whole truck and by agreeing to take this shipment, you certify that under no circumstance will the carrier or driver partial with a non-Transfix shipment." After picking up the load, Bhullar Transport employees opened the trailer, separated the pallets into different trailers where they were commingled with other shipments, and shipped the pallets separately across country before reconsolidating the load for delivery.

v. On or about February 28, 2022, Bhullar Transport picked up a load brokered by XPO Logistics, Load Confirmation 11467133, which was to be delivered from Ontario, California, to Groveport, Ohio. The carrier rate confirmation for this load stated, "TRAILER MUST REMAIN SEALED AT ALL TIMES SEAL can only be broken by Consignee on this FULL TL (Non-Partial Shipment) – if you break the seal you will see your trailer rejected 100%." A copy of the bill of lading for the shipment recovered from the offices of Bhullar Transport shows that the original trailer number and serial numbers were covered with correction fluid, and the original trailer number was handwritten beside the originals along with a different seal number.

vi. On or about May 3, 2021, Bhullar Transport picked up a load brokered by XPO Logistics, Load Confirmation 10158615, which was to be

6

delivered from Chino, California, to Zanesville, Ohio. The carrier rate confirmation for this load referred to it as a "TL," which is another abbreviation for FTL. A copy of the bill of lading for the shipment recovered from the offices of Bhullar Transport shows that several lines of handwritten text were covered with correction fluid before the document was photocopied.

vii. On or about June 27, 2021, in the Southern District of Ohio, **GURTEJ SINGH**, for the purpose of executing the scheme described above, and attempting to do so, transmitted and caused to be transmitted signals and sounds by means of wire communication in interstate commerce, that is, a WhatsApp group text message sent via the Internet among CSE and Bhullar Transport employees in multiple states, including California and Ohio, regarding Megacorp PO # 1131722.

**In violation of 18 U.S.C. § 371.**

## FORFEITURE ALLEGATION

7. The allegations contained in Count One of this Superseding Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

8. Upon conviction of the offense in violation of 18 U.S.C. § 371 set forth in Count One of this Superseding Information, Defendant **GURTEJ SINGH** shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

9. Substitute Assets: If any of the property described above, as a result of any act or omission of the defendant:

7

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without

    difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated

by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant **GURTEJ SINGH**

up to the value of the forfeitable property.

        **Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

                        **KENNETH L. PARKER**
                        United States Attorney

                        **DAVID J. TWOMBLY (0092558)**

                        **BRENDA S. SHOEMAKER (0041411)**
                        Assistant United States Attorneys
                        303 Marconi Boulevard, Suite 200
                        Columbus, Ohio 43215
                        Tel: (614) 469-5715
                        Fax: (614) 469-5653
                        Email: David.Twombly@usdoj.gov
                                 Brenda.Shoemaker@usdoj.gov