**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:23-cr-115 |
| vs. | : | JUDGE MORRISON |
| GURTEJ SINGH, | : | |
| Defendant. | : | |

## SENTENCING MEMORANDUM OF GURTEJ SINGH

Defendant Gurtej Singh, through undersigned counsel, respectfully submits the following

Sentencing Memorandum for the Court's consideration pursuant to 18 U.S.C. § 3553.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
41 South High Street, Suite 1800
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Defendant

**MEMORANDUM**

**FACTUAL AND PROCEDURAL BACKGROUND:**

Gurtej "Gary" Singh came to the United States as a twenty-year-old cricket player seeking political asylum after his advocacy for human rights placed him at risk of death in India. He made the most of his time, raising a family and building a business in the trucking industry. Regrettably, he allowed the stress and temptations of the business to lead into criminal behavior.

Mr. Singh has pled guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. The Probation Department has submitted a final Presentence Investigation Report ("PSI") in this matter that calculates a guideline range of twenty-four to thirty months based on a total offense level of 15 and a criminal history category of III. There is one pending objection to the calculation of Mr. Singh's criminal history.

**REASONS IN SUPPORT OF A DEVIATION FROM A GUIDELINE SENTENCE:**

Mr. Singh respectfully submits that a term of imprisonment is not necessary to satisfy the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). A probationary sentence would be consistent with the factors set forth in section 3553 and, in consideration of the advisory Sentencing Guidelines, would be reasonable based upon the particular facts and circumstances in this case. Section 3553 provides that the sentence shall be "not greater than necessary to comply with the purposes" of sentencing.   *See* 18 U.S.C. § 3553(a). The defense submits that a term of probation would be sufficient based on the factors set forth in section 3553 and the underlying facts and circumstances.

2

***The nature and circumstances of the offense and the history and characteristics of***
***Gurtej Singh do not require a term of imprisonment***
**18 U.S.C. § 3553(a)(1)**

A reasonable sentence considers the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to § 3553(a)(1). Undersigned counsel respectfully submit that both the nature and circumstances of the offense and the history and characteristics of Mr. Singh justify a more lenient sentence of probation rather than imprisonment.

The nature and circumstances of the offense are admittedly serious, as reflected in the applicable Guideline range. However, it is important to note that Mr. Singh has substantially reduced the size of his business and that he is no longer in a position to take advantage of the number of customers or shipments in involved in this case. Given that this offense occurred under circumstances unlikely to recur, a sentence of probation is warranted under this factor.

Gary Singh's unique history and characteristics provide further mitigation and support a more lenient sentence. Mr. Singh came to the United States in 1998 after learning that he was being targeted for violence by the police as a result of advocacy for members of the Sikh religious minority in India. He was granted political asylum and became a naturalized citizen in 2021. He married in 2010 and is raising two young children in Delaware, Ohio. He is active in their lives and also volunteers in the food pantry of his Sikh temple.

While these factors do not excuse Mr. Singh's criminal acts, they provide important mitigation pursuant to 18 U.S.C. § 3553(a)(1). Undersigned counsel respectfully submit that the nature and circumstances of the offense and the history and characteristics of Gurtej Singh justify the imposition of a probationary sentence.

***A probationary sentence will reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and protect the public from further crimes of the defendant***
***18 U.S.C. § 3553(a)(2)(A) – (C)***

The Court's sentence should reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense according to § 3553(a)(2)(A). This sentence should also adequately deter criminal conduct under § 3553(a)(2)(B).  A reasonable sentence also should protect the public from further crimes of the defendant pursuant to § 3553(a)(2)(C). A probationary sentence is consistent with these statutory factors.

Gurtej Singh presents a lesser risk of committing crimes in the future.  Mr. Singh is less likely to reoffend because he has readily and clearly accepted responsibility for his actions and shown remorse through his conduct in this case. Mr. Singh's cooperation with the Court and acceptance of responsibility provide additional evidence of his remorse and commitment to living a law-abiding life in the future. Importantly, he has substantially downsized his company and essentially supports himself and his family by driving a truck, which he will continue to do if he is placed on probation. He has absolutely no intentions of returning to the business environment and temptations that led to his criminal conduct. Moreover, his criminal history is limited and not related to the offense conduct in this case. Therefore, a term of imprisonment is not necessary in this case to comply with 18 U.S.C. § 3553(a)(2)(A) – (C).

***A probationary sentence is the best means to provide Gurtej Singh with needed***
***educational or vocational training, medical care, or other correctional treatment***
***18 U.S.C. § 3553(a)(2)(D)***

The Court's sentence should provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner according to § 3553(a)(2)(D). In this case, a probationary sentence is the best way to provide Mr. Singh with needed medical care. Mr. Singh has suffered from severe medical incidents in the recent past,

4

including prior hospitalizations in 2017 for a heart attack and 2023 for a stroke. He also struggles

with alcohol and anxiety. Those matters are best treated in the community and thus further support

imposition of a period of probation.

### *A probationary sentence is available and would be sufficient for this offense*
### 18 U.S.C. § 3553(a)(3) and § 3553(a)(4)

The Court's sentence should consider the kinds of sentences available and the sentencing

range established for the applicable category of offense committed by the applicable category of

defendant set forth in the guidelines under § 3553(a)(3) and § 3553(a)(4). In arriving at a sentence

that is "sufficient, but not greater than necessary" to satisfy Congress' sentencing mandate, this

Court is also asked to consider the kinds of sentences and the sentencing range called for by the

advisory Guidelines and the applicable statutes. The applicable sentencing range is twenty-four to

thirty months. As the offense is a Class C Felony, 18 U.S.C. § 3561(c)(1) establishes his eligibility

for a probationary sentence of one to five years. Gurtej Singh respectfully submits that a

probationary sentence is available and would be sufficient in this matter.

The Supreme Court of the United States has recognized that while less severe than

imprisonment, imposition of a term of probation still subjects a defendant to serious consequences.

In *Gall v. United States*, 552 U.S. 38, 48-49, 128 S. Ct. 586, 595-596 (2007), the Court noted:

> We recognize that custodial sentences are qualitatively more severe than probationary sentences of equivalent terms. Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty. See *United States v. Knights*, 534 U.S. 112, 119, 122 S. Ct. 587, 151 L. Ed. 2d 497 (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874, 107 S. Ct. 3164, 97 L. Ed. 2d 709 (1987))). Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. USSG § 5B1.3. Most probationers are also subject to individual "special conditions" imposed by the court. Gall, for instance,

may not patronize any establishment that derives more than 50% of its revenue from the sale of alcohol, and must submit to random drug tests as directed by his probation officer. App. 109.

In *Gall*, the defendant was facing a higher guideline range than Mr. Singh and instead of imposing the minimum guideline range of thirty months, the trial court sentenced the defendant to probation for his participation in a drug conspiracy. *Id.*, at 593-594.

Undersigned counsel respectfully submit that a probationary sentence is available and would be sufficient in this matter. It is also worth noting that a prison sentence would be particularly difficult for Mr. Singh, who immigrated in 1999 after fleeing violence as a member of the Sikh religious minority in India. Only 1.5% of federal inmates are of Asian descent. Federal Bureau of Prisons, *Inmate Statistics*[1]. Statistics for persons of South Asian heritage are not available, but it is reasonable to conclude that there are very few Sikh inmates in federal prisons. Combined with his physical and mental health issues, incarceration would be disproportionately difficult and isolating for Mr. Singh. Therefore, probation is appropriate.

### *A probationary sentence would not create any unwarranted sentence disparities*
### 18 U.S.C. § 3553(a)(6)

The Court's sentence should avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct according to § 3553(a)(6). A below-guidelines sentence would also not create any sentence disparity based on the national sentence information available from the United States Sentencing Commission's Judiciary Sentencing Information ("JSIN"). United States Sentencing Commission, *Judiciary Sentencing Information*.[2] JSIN compiles cumulative data based on five years of sentencing information for offenders sentenced under the same primary guideline who also have the same Final Offense Level

---

[1] Available at https://www.bop.gov/about/statistics/statistics_inmate_race.jsp.
[2] Available at https://jsin.ussc.gov/analytics/saw.dll?Dashboard.

and are in the same Criminal History Category. During the last five fiscal years (FY2019-2023), there were 79 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 15 and a Criminal History Category of III, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 69 defendants (87%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 22 month(s). Therefore, a sentence of probation would be in line with the 13% of defendants placed on probation. Considering the mitigating factors in this case, and based on the foregoing, a sentence of probation would not create any unwarranted sentencing disparities.

### *The need to provide restitution to any victims of the offense*
### *18 U.S.C. § 3553(a)(7)*

Finally, a sentence of probation will allow Mr. Singh to work and satisfy the restitution obligation in this case. He has repeatedly demonstrated his work ethic and has maintained employment for his entire adult life. A period of probation will allow him to make payments to the victims of his offense.

**CONCLUSION:**

This Court is respectfully requested to consider all of the foregoing information when formulating an appropriate disposition in Gurtej Singh's case.   A custodial sentence is not required to satisfy the concerns expressed in section 3553, and imposition of a probationary sentence would not create a disparity between Mr. Singh and other similarly situated offenders. Rather, a period of probation would reflect the serious nature of the offense while also accounting for Mr. Singh's history and characteristics.   For the foregoing reasons, Mr. Singh respectfully submits that a sentence of probation is warranted pursuant to 18 U.S.C. § 3553.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
41 South High Street, Suite 1800
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorney David Twombly, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, on September 4, 2024, by electronic mail.

**/s/ David H. Thomas**
DAVID H. THOMAS

8